FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 13 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
YANG YANG,

      Plaintiff,

 -against-

KIRSTJEN NIELSEN and L. FRANCIS CISSNA,

      Defendants.
------------------------------------------------------------ x

ORDER

18-CV-3632 (ENV)(RLM)

VITALIANO, D.J.

Plaintiff Yang Yang filed this action on June 22, 2018, seeking to compel adjudication of his I-485 application for adjustment of status and a family member's I-730 asylee relative petition. Compl., Dkt. 1. No further steps have been taken to prosecute this action since the filing of the complaint.

On October 26, 2018, the Court ordered plaintiff to file a status report, by November 9, 2018, because no activity had occurred since the filing of the complaint and no summons had issued. *See* Oct. 26, 2018 Order. The deadline passed, but no response was filed. The Court subsequently ordered plaintiff's counsel, Michael Kamen, "to show cause for this failure to comply with a court order by November 20, 2018." *See* Nov. 14, 2018 Order. Again, the deadline passed without response. On November 21, 2018, Chief Magistrate Judge Roanne L. Mann ordered plaintiff and his counsel to show cause as to "why this case should not be dismissed with prejudice, and sanctions imposed, for failing to prosecute the case since its initiation on June 22, 2018, and for ignoring two orders issued by" the Court. Judge Mann set a deadline of November 27, 2018 to file a written response and ordered both plaintiff and his

1

counsel to appear at an in-person hearing on November 30, 2018.[1] Nov. 21, 2018 Order. No response was filed; neither plaintiff nor his counsel appeared at the hearing. *See* Nov. 30, 2018 Hr'g Tr., Dkt. 5.

By *sua sponte* Report and Recommendation dated November 30, 2018 (the "R&R"), Judge Mann recommended that this action "be dismissed with prejudice for lack of prosecution and for violating the Court's orders; that attorney Michael Kamen be sanctioned in the amount of $2,500; and that he be referred to the E.D.N.Y. Grievance Committee." R&R at 2, Dkt. 4. Judge Mann also noted that at least one other action in this District in which Kamen had appeared as plaintiff's counsel, *Wang v. Nielsen*, No. 18-CV-1649 (ARR)(RER), was dismissed under similar circumstances. With notice of time to object properly given, no party filed an objection to the R&R, and the time to do so has passed.

Where no timely written objection has been filed, a district judge need only review such an R&R for clear error. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). In accordance with that standard of review, the Court has carefully examined Judge Mann's R&R, and finds it to be correct, well-reasoned, and free of any clear error. However, because plaintiff's counsel has demonstrated a pattern of initiating actions and failing to prosecute them, and the record does not reflect that plaintiff himself was served with the order to appear at the show cause hearing, the R&R is modified so that this action is dismissed without prejudice.

---

[1] Judge Mann also noted that this action "may have been improperly filed in the Eastern District of New York, rather than in the Southern District of New York." Nov. 21, 2018 Order n.1. The complaint alleges that Yang "resides in New York, NY", Compl. at 2, though his address as listed in the attached I-485 form is in Elmhurst, Queens, *id.* at 7.

## Conclusion

For the foregoing reasons, the R&R is adopted, as modified, as the opinion of the Court. This action is dismissed without prejudice, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), for failure to prosecute and for violation of multiple Court orders. Furthermore, attorney Michael Kamen is ordered to pay sanctions in the amount of $2,500 and hereby referred to the Grievance Committee of this District. Kamen is also ordered to serve this Order on plaintiff at his current address and file proof of service on the docket by March 26, 2019.

Regardless of whether and by whom filing fees may have been paid to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff, to enter judgment, and to close this case.[2]

So Ordered.

Dated: Brooklyn, New York
March 12, 2019

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

---

[2] The Clerk's mailing should be sent to the address listed in plaintiff's I-485 application attached to the complaint: 8223 Queens Boulevard, apt. 3D, Elmhurst, New York 11373.